EDWARD D. PEIRCE *v.* KINGSTON LUMBER COMPANY.

[43 South., 81.]

MORTGAGES. *Satisfaction. Entry of record. Mortgagor's liability.*
Code 1892, § 2451 (*Code* 1906, § 2781).

In an action arising under Code 1892, § 2451 (Code 1906, § 2781)
to enforce the liability of a mortgagor who has failed, after re-
quest, to enter satisfaction on the record of the mortgage, it is
no defense to show that the mortgage describes the property with
reference to a survey and omits to mention the block in which
the lots described by number are located, though the survey
includes more than one block containing lots so numbered.

FROM the circuit court of Jones county.

HON. ROBERT L. BULLARD, Judge.

Peirce, the appellant, was plaintiff in the court below, and
the Kingston Lumber Company, the appellee, was defendant
there. From a judgment in favor of the defendant the plain-
tiff appealed to the supreme court.

The suit was for the recovery of statutory damages because
of the failure of the defendant, a domestic corporation, to com-
ply with Code 1892, § 2451, requiring a mortgagee or *cestui que
trust* of real or personal estate, after payment of the debt se-
cured by the mortgage or deed of trust, to enter satisfaction
upon the margin of the record of such mortgage or deed of
trust; and providing that "if such mortgagee or *cestui que
trust,* by himself or his attorney, shall not, within one month
after request, make such acknowledgment of satisfaction, the
person so neglecting or refusing shall forfeit and pay to the
party aggrieved any sum not exceeding the mortgage money,
to be recovered by action." Plaintiff's declaration alleged that
one Hambright executed to one McCallum, as trustee for the use
of the defendant, a deed of trust on "lots 1, 2, 11 and 12 of
Edgewood Addition to the town of Laurel, Mississippi," the

same being of date of January, 1902, and of record in Book S, on pages 287 and 288 of the deed records of the county, to secure a debt of $849.76; that after the maturity of this debt the plaintiff, Peirce, purchased the lots mentioned, and paid to the trustee for the defendant the said sum with interest, and, after payment, requested the defendant orally to enter satisfaction of the deed of trust upon the margin of the record, and subsequently after the passage of more than two years, on his discovery that the record still appeared uncancelled, wrote to the defendant as follows:

"LAUREL, MISS., July 12, 1904.

*"Kingston Lumber Company, City.*

"GENTLEMEN: I beg to call your attention to the fact that the deed of trust formerly held by you against R. L. Hambright on lots 1, 2, 11 and 12, Edgewood Addition, town of Laurel, and which I paid off more than two or three years ago, has never been satisfied by you upon the records of mortgages at Ellisville. You will find the mortgage recorded in Mortgage Record S, pp. 287 and 288. Please be kind enough to satisfy records without delay, and notify me when such satisfaction has been made, and oblige.    Yours truly,

"EDW. D. PEIRCE."

The declaration, which was filed in 1905, alleged that the defendant had failed to enter satisfaction of the deed of trust upon the record, and demanded judgment for $849.76, the face of the mortgage debt. The defendant pleaded merely the general issue. On the trial the facts alleged in the declaration were proved by plaintiff. Plaintiff's evidence, however, disclosed that although the description of the lots in the deed of trust was as described in the above letter to defendant, the proper description should have been "lots 1, 2, 11 and 12 of Block G of the Edgewood Addition," etc. It was shown by a plat of Edgewood Addition in evidence that there were several blocks in such addition, many of which contained over twelve

lots.. No actual damages were claimed or proved by plaintiff. At the close of the testimony for plaintiff the court, on the motion of defendant, excluded the evidence and instructed the jury to find for the defendant; the court's action being based upon the principle that the statute, being penal, should be strictly construed, and that the damages claimed by plaintiff were not recoverable under the circumstances of the case.

*T. M. Miller,* for appellant.

This case is to be determined by the question, whether or not a party entitled to demand the cancellation of a mortgage upon his property after payment of the mortgage debt need describe the property in his notice to the mortgagee otherwise than as it is described in the mortgage.

It is submitted that the court below was wrong in sustaining the defendant's motion to exclude plaintiff's evidence, even in view of the rule that statutes imposing penalties are to be construed with the greatest strictness.

There can be no doubt of the fact that so far as Hambright and the Kingston Lumber Company were concerned, Peirce became the absolute owner of the four lots which Hambright had acquired and owned and sold to Peirce, and Peirce was accordingly entiled to a cancellation of the deed of trust executed by Hambright to the Kingston Lumber Company. And it is equally certain that upon discovering the error of description in the deed of trust the Kingston Lumber Company could have compelled a reformation of the description so as to show the block intended.

Inasmuch as the deed of trust omitted the block but properly described the lots, it could only have been necessary for Peirce, in his written request, to mention the property as described in the deed of trust, calling attention to the deed book and page of the records. The Kingston Lumber Company was not concerned with an accurate description. It was advised that Peirce was buying the property, and it accepted payment

of the amount due to it under the deed of trust, and surrendered the deed of trust and note secured thereby, to Peirce.

Nothing in the doctrine of patent ambiguity has any relation to this case. The mortgage was upon property known to the appellee, and it was further known to appellee that the appellant, Peirce, had acquired the same and had paid to it the mortgage indebtedness.

Had Hambright himself, the mortgagor, paid off the encumbrance and called upon the appellee, the mortgagee, to satisfy the record, could the mortgagee be heard to say that while the encumbrance was valid, there should be no need to cancel the record inasmuch as a slight error existed in the description? Certainly the mortgagor, upon payment of the mortgage, had a right to demand that a satisfaction of the mortgage should appear of record, no matter how the description read. And Peirce, as his vendee, had the same rights under his purchase.

If there had been any possibility of the appellee's not understanding what it was required to do, this suit would never have been brought. But such was not the case.

*Stone Deavours,* for appellee.

The action of the lower court was clearly right. This is a suit for a penalty under the statute, and the old established rule is that statutes imposing penalties must be construed with the greatest strictness. Unless the plaintiff brings himself within the exact letter of the statute he is not entitled to recover.

It is shown by appellant's evidence that the description of the property in the deed of trust was void, as there were several lots in Edgewood Addition to which the description was applicable. The deed of trust did not accordingly constitute an encumbrance on the lots owned by Hambright, and the failure to cancel the deed of trust could not subject the appellant to a suit for the statutory penalty.

The fact that the deed of trust secured Hambright's note, and that the note was paid cannot help the appellant's contention. The note is a different thing from the deed of trust. The note evidenced a debt. The payment of that debt was a discharge of a duty resting upon Hambright, or upon appellant if he assumed the debt. This was a matter wholly separate and apart from a suit under the statute to collect a penalty.

CALHOON, J., delivered the opinion of the court.

On a declaration for damages under § 2451, Ann. Code 1892, it plainly appears that there were repeated requests to enter satisfaction of a trust deed which had been paid. Finally the request was made in writing, after two or three years of neglect and refusal, and this written request contains this, after reciting facts making the request of the writer proper, viz.: "You will find the mortgage recorded in Mortgage Record S, pp. 287 and 288. Please be kind enough to satisfy records without delay, and notify me when such satisfaction has been made, and oblige." This was dated July 12, 1904, and there were oral requests thereafter, and promises made to enter the satisfaction, but no compliance, and this action was brought in August, 1905. The trust deed describes the property as "lots 1, 2, 11, and 12 of the Edgewood Addition to the town of Laurel, Jones county, Mississippi." It omits the words "block G," and it is therefore urged that the record was void, and could not have been of damage to appellee. We cannot subscribe to this. The grantees were none the less bound to enter satisfaction of the particular record. As to the amount of recovery, another question might arise.

*Reversed and remanded.*